United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

---------

 Filed May 26, 1998

 Division No. 98-2

 In re: Alexis M. Herman

---------

 Division for the Purpose of Appointing Independent 
 Counsels Ethics in Government Act of 1978, as 
 Amended

--------

 Before: Sentelle, Presiding Judge, Butzner and Fay, 
Senior Circuit Judges.

 O R D E R

 Upon consideration of the Motion of Secretary of Labor 
Alexis M. Herman for an Order Declining the Appointment of 
an Independent Counsel, filed under seal on May 18, 1998, it 
is
 ORDERED that the Motion is denied for the reasons set 
forth in the accompanying opinion. It is

 FURTHER ORDERED that the Motion is hereby un-
sealed.
 Per Curiam

 For the Court:

 Mark J. Langer, Clerk

 by

 Marilyn R. Sargent
 
 Chief Deputy Clerk

 United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed May 26, 1998

 Division No. 98-2

 In re: Alexis M. Herman

----------

 Division for the Purpose of Appointing Independent 

 Counsels Ethics in Government Act of 1978, as 
 Amended

----------

 Before: Sentelle, Presiding Judge, Butzner and Fay, 
Senior Circuit Judges.

 ON MOTION TO DECLINE APPOINTMENT 
 OF INDEPENDENT COUNSEL

 Opinion for the Special Court filed Per Curiam.

 Per Curiam: This court was notified by the Attorney 
General on December 10, 1997, that she had commenced a 
preliminary investigation, pursuant to s 592(a)(1) of the Inde-
pendent Counsel Reauthorization Act of 1994, 28 U.S.C. s 591 
et seq. (1994) ("the Act"), following allegations received by the 
Department of Justice concerning Secretary of Labor Alexis 
M. Herman. On May 11, 1998, at the end of the preliminary 
investigation, and pursuant to s 592(c)(1) of the Act, the 
Attorney General, believing that further investigation was 
warranted, submitted an application to this court seeking the 
appointment of an independent counsel. In her application, 
the Attorney General described in detail both the information 
received by the Department of Justice that led to the initi-
ation of the preliminary investigation as well as the results of 
that investigation.

 On May 18, 1998, Secretary Herman filed with this court, 
under seal, a motion seeking an order declining the appoint-
ment of an independent counsel. Relying on In re Meese, 907 
F.2d 1192 (D.C. Cir., Spec. Div. 1990), Secretary Herman 
asserts that the Attorney General's application does not satsi-
fy the requirements of s 592(c)(1)(A), which states that the 
Attorney General shall apply for the appointment of an 
independent counsel if, after the completion of a preliminary 
investigation, she "determines that there are reasonable 
grounds to believe that further investigation is warranted." 
In essence, Secretary Herman argues that the conclusions of 
the preliminary investigation, as set forth in the application, 
do not support a determination of "reasonable grounds." 
Therefore, she argues, "the application is invalid, the statute 
is not properly invoked, and this Court may not appoint an 
independent counsel."

 We find s 592(f) of the Act to be controlling. That section 
provides:

 The Attorney General's determination under this chapter 
 to apply to the division of the court for the appointment 
 of an independent counsel shall not be reviewable in any 
 court.

 Under this section the Attorney General's determination to 
apply for the appointment of an independent counsel, which is 
made under s 592(c)(1)(A), is not reviewable in this (or any 
other) court. While acknowledging s 592(f), Secretary Her-
man states that she is not seeking "review" by the court of 
the Attorney General's determination, but rather a determi-
nation that the Attorney General has not complied with 
s 592(c)(1)(A). We will not adopt this distinction. We con-
clude that, however styled, Secretary Herman is seeking the 
review that we are forbidden by s 592(f) to grant.

 We are not confronted in this case with a situation in which 
the application by the Attorney General is so facially deficient 
that we are arguably deprived of jurisdiction to appoint an 
independent counsel. Such a situation may arise, for exam-
ple, if the application did not pertain to a covered person as 
required by s 591 of the Act, or if the application contained 


no allegations of any violation of criminal law. Here, the 
Attorney General has made a determination that an indepen-
dent counsel is to be appointed, she has filed an application 
for the appointment that is not facially deficient, and her 
determination is not reviewable pursuant to s 592(f). Conse-
quently, we are bound by the Act to appoint an independent 
counsel in this matter.

 Accordingly, the motion of Secretary Herman is

Denied.